## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Etelvina Abrego,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 17, 2015

Court of Appeals Case No.
49A05-1411-CR-511

Appeal from the Marion Superior Court.
The Honorable Helen W. Marchal, Judge.
Cause No. 49G16-1407-F6-35648

**Baker, Judge.**

[1] Etelvina Abrego appeals her conviction for Battery,[1] a Class A misdemeanor. She argues that the evidence was insufficient to disprove her parental privilege defense. Finding sufficient evidence, we affirm.

## Facts

[2] In July 2014, Abrego and her Daughter, A.A,[2] were living in a home with Maria Villa Lobos and her four children. On July 13, 2014, A.A. came into the house and hugged Lobos. Lobos thought that A.A. looked scared. Abrego entered the kitchen, grabbed A.A. by the arm, and began admonishing her harshly.

[3] Abrego then dragged A.A. into the living room. At this time, A.R., Lobos's oldest child, was also in the living room. Abrego hit A.A. with a phone charger cord four or five times. She also struck A.A. on the lips and on the stomach. A.A. screamed in pain.

[4] A.R., who witnessed the incident, called the police the next day, July 14. Officer Aaron Helton met with A.R. and Lobos away from the home. Officer Helton then went to the home, where he knocked on the door. A.A. answered his knock, and Officer Helton noticed that her lip was swollen and that she had a red mark under her lip. Abrego was arrested, and she resisted. Three officers

---

[1] Ind. Code § 35-42-2-1.

[2] Although A.A.'s date of birth was not introduced into evidence at trial, there was circumstantial evidence to show that A.A. was under the age of fourteen.

were necessary to restrain her, and she kicked Officer Scott Bohan in the legs and feet.

[5] Later, Natalee Hoover, a Department of Child Services (DCS) employee, examined A.A. Hoover took photographs of A.A.'s lower lip, which was swollen and bruised. In addition, A.A had a long mark on her stomach that was several inches in length. She also had a scratch mark on her face, puffiness around her right eye, and bruises and marks on the inside of her forearm. Hoover also identified "loop marks" on A.A.'s back that appeared to have been inflicted earlier than the other injuries. Tr. p. 98.

[6] On July 17, 2014, the State charged Abrego with Level 6 felony battery and Class A misdemeanor resisting arrest. On October 7, 2014, a bench trial was held. Abrego moved for an involuntary dismissal on the felony battery charge, and the trial court found that the State had failed to meet its burden on the Level 6 felony battery charge. However the trial court determined that the State could go forward with the lesser included Class A misdemeanor battery.

[7] At trial, Officer Helton, Officer Bohan, and Hoover testified for the State. The defense called no witnesses. During closing argument, counsel for the defense asserted that Abrego's actions amounted to reasonable parenting. The State objected, arguing that a parental privilege defense was unsupported by evidence. The trial court allowed the argument.

[8] The trial court found Abrego guilty of Class A misdemeanor battery and resisting arrest.[3] On October 8, 2014, the trial court sentenced Abrego to 364 days for battery, with 320 days suspended, and to 364 days for resisting arrest, with 320 days suspended. The sentences were ordered to run concurrently. Abrego now appeals.

## Discussion and Decision

[9] Abrego argues that the State presented insufficient evidence to rebut her parental privilege defense.[4] "The defense of parental privilege, like self-defense, is a complete defense. That is to say a valid claim of parental privilege is a legal justification for an otherwise criminal act." *Willis v. State*, 888 N.E.2d 177, 180 (Ind. 2008). In order to sustain a conviction for battery where a claim of parental privilege has been asserted, "the State must prove that either: (1) the force the parent used was unreasonable or (2) the parent's belief that such force was necessary to control her child and prevent misconduct was unreasonable." *Id*. The standard of review for a challenge to the sufficiency of the evidence to rebut a claim of parental privilege is the same as the standard for any sufficiency claim. *Willis*, 888 N.E.2d at 183. The decision of whether a claim of parental privilege has been disproved is entrusted to the fact-finder, and we neither reweigh the evidence nor judge the credibility of witnesses. *Id.* If there is

---

[3] Abrego appeals only the conviction for battery.

[4] Abrego did not raise parental privilege as a defense until closing argument.

sufficient evidence of probative value to support the conclusion of the trier of fact, the verdict will not be disturbed. *Id.*

[10] In addition, we are guided by the factors set out in the Restatement of the Law (Second) of Torts, § 147(1) (1965), which provides, "[a] parent is privileged to apply such reasonable force or to impose such reasonable confinement upon his child as he reasonably believes to be necessary for its proper control, training, or education." Id. at 182. The following factors, though not exhaustive, are relevant to whether force or confinement is reasonable: (1) whether the actor is a parent; (2) the age, sex, and physical and mental condition of the child; (3) the nature of his or her offense and the apparent motive; (4) the influence of his example upon other children of the same family or group; (5) whether the force or confinement is reasonably necessary and appropriate to compel obedience to a proper command; (6) whether it is disproportionate to the offense, unnecessarily degrading, or likely to cause serious harm. *Id.* at 182.

[11] Abrego argues that this case is similar to *Willis v. State*, in which our Supreme Court determined that a parent who struck her child with either a belt or an extension cord had acted reasonably. 888 N.E.2d at 184. In *Willis*, there was evidence to show that the parent had spent substantial time considering the child's offense and how best to punish him. *Id*. at 179. There was also evidence that the parent intended to swat the child on the buttocks. However, the child's attempts to avoid the swats resulted in some of them landing on his arm and thigh. In finding that the parent had acted reasonably, our Supreme Court noted that the child had received five to seven swats on the buttocks,

arm, and thigh to punish him for stealing, which most parents might reasonably consider a serious offense. *Id.* at 183. It also noted that none of the bruises caused by the incident were serious and took into consideration the child's testimony that the swats hurt only "for a minute." *Id.*

[12] Abrego argues that the instant case is analogous to *Willis*, as there is no evidence to show how A.A. was struck in the face, and A.A. might have moved during the punishment, just as the child in *Willis.* We disagree, and find *Willis* distinguishable. First, there is no indication here as to why A.A. was being punished. In addition, all the evidence shows that Abrego struck A.A. in anger. Abrego grabbed A.A. hard enough to cause bruising before she began to hit her with the phone cord. While the parent in *Willis* purposefully aimed for the child's buttocks, A.A. was struck in the face and stomach. A.A.'s lip was swollen and red and a raised welt as long as a dollar bill appeared on her stomach. This evidence is sufficient to show that Abrego used unreasonable force and to negate the defense of parental privilege.

[13] The judgment of the trial court is affirmed.

Najam, J., and Friedlander, J., concur.